**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ROY O'GUINN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>LISA WALSH, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:20-CV-00273-APG-CLB<br><br>**ORDER DENYING MOTION TO RECONSIDER AND GRANTING MOTION TO EXTEND TIME**<br><br>[ECF Nos. 35 & 48] |

On July 21, 2021, this case was referred to the undersigned Magistrate Judge on consent in accordance with 28 U.S.C. § 636(c). ECF No. 47. Currently pending before this Court are two motions, ECF Nos. 35 & 38, filed by Plaintiff Roy O'Guinn ("O'Guinn"). The court will address each motion in turn.

**I.　　Objection/Appeal to Magistrate Judge Ruling – ECF No. 35**

On May 24, 2021, O'Guinn filed a document entitled, "Motion to Reconsider." ECF No. 35. However, in the body of the motion, O'Guinn cited to Local Rule IB 3-1, which is the Rule governing objections to the District Court of orders entered by Magistrate Judges. Therefore, this document was docketed by the Court Clerk as an objection. Defendants filed a response to the objection, ECF No. 36, and O'Guinn replied. ECF No. 37.

Because a consent was entered, the Magistrate Judge is now the presiding judge and only judge assigned to this case. Therefore, the Court will consider O'Guinn's motion as a motion for reconsideration. ECF No. 35.

O'Guinn requests the Court reconsider order ECF No. 34, wherein the Court ordered certain notices and affidavits not related to any motion on file be stricken. *Id.*

O'Guinn was advised he may not file evidence with the Court unless it is used to support or oppose a motion. *Id.* In his current motion, O'Guinn outlines his medical ailments and states that these affidavits and notices are important documents that need to be a part of this case. *Id.* Defendants opposed O'Guinn's motion by stating the Court is correct in finding that O'Guinn's notices and affidavits are improper filings and reconsideration is inappropriate. ECF No. 36. O'Guinn replied. ECF No. 37.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

O'Guinn has failed to meet the standard for the Court to reconsider its previous order. Therefore, O'Guinn's motion, ECF No. 35, is **DENIED**. O'Guinn will only be permitted to present evidence to the Court when it is used to support or oppose a motion.

II.    **Request for Submission – ECF No. 48**

In this request, O'Guinn seeks leave to file an attached document he entitled, "Notice of Intent." ECF No. 48. The Court has construed this entire document as a request for an extension of time to serve his initial disclosures. *Id.* O'Guinn's motion for

/ / /

/ / /

extension of time, ECF No. 48, is **GRANTED**. O'Guinn shall have until August 5, 2021 to serve his initial disclosures on Defendants.

DATED: July 26, 2021    .

_____
**UNITED STATES MAGISTRATE JUDGE**