# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROY A. O'GUINN,<br><br>                Plaintiff,<br><br>v.<br><br>LISA WALSH, *et al.*,<br><br>                Defendants. | Case No. 3:20-CV-00273-CLB<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME AND STRIKING DISPOSITIVE MOTIONS**<br><br>[ECF Nos. 65, 66, 67, 69, 70, 71, 72] |

       This case involves a civil rights action filed by Plaintiff Roy O'Guinn ("O'Guinn") against Defendants Charles Daniels ("Daniels"), Michael Minev ("Minev"), Martin Naughton ("Naughton"), and Debbie Keenon ("Keenon") (collectively referred to as "Defendants"). (ECF No. 12.) O'Guinn filed a second amended complaint on October 5, 2020. (ECF No. 12.) Upon screening, the Court found that O'Guinn stated "colorable claim for deliberate indifference to serious medical needs regarding his pelvic girdle." (ECF No. 17 at 6.) O'Guinn was permitted to proceed on an Eighth Amendment deliberate indifference claim against Naughton, Walsh and Minev in Claim 1, and the portion of Claim 2 alleging Eighth Amendment deliberate indifference against Keenon. (*Id.* at 11-12.)

       Defendants answered O'Guinn's complaint on June 21, 2021, and a scheduling order was issued with discovery end date of January 17, 2022. (ECF Nos. 38, 43.) On December 15, 2021, the Court granted an extension of discovery to conclude on March 17, 2022. (ECF No. 57.) Thereafter, the Court granted extensions of time to file dispositive motions to June 30, 2022. (ECF Nos. 61, 63.)

       O'Guinn has now filed six dispositive motions and seeks another extension of time to July 30, 2022 to file additional dispositive motions. (ECF Nos. 65, 66, 67, 69, 70, 71, 72.) O'Guinn's six dispositive motions appear to be largely duplicative and/or address issues outside the scope of his complaint. The issues in this case are limited only to the

claims which the Court allowed to proceed on screening, as stated above, up to the date the second amended complaint was filed – October 5, 2020. If O'Guinn wishes to address medical issues that have occurred after that date, he must initiate a new action. The deadline to file an amended complaint expired in this case on October 18, 2021 and will not be extended. (ECF No. 43.)

Therefore, the six dispositive motions are hereby **STRICKEN**. (ECF No. 65, 66, 67, 69, 71, 72.) O'Guinn shall refile only *one* dispositive motion, also known as a motion for summary judgment, addressing only the claims which were allowed to proceed in this case on screening on or before **June 30, 2022**. O'Quinn is again reminded that although he is proceeding *pro se*, he is required to follow the rules and orders of this Court. Therefore, O'Guinn is advised that if he chooses to file a dispositive motion, or motion for summary judgment, the rules limit such motions to 30 pages, excluding exhibits, and the motion must comply in other ways with the Court's Local Rules and the General Order related to inmate litigation. *See* LR 7-3(a); General Order 2021-5 at (3)(a).

O'Guinn's motion for an extension of time to file dispositive motions is **DENIED**. (ECF No. 70.)

**IT IS SO ORDERED.**

**DATED**: June 8, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**