UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROY A. O'GUINN,<br><br>        Plaintiff,<br><br>   v.<br><br>LISA WALSH, *et al.*,<br><br>        Defendants. | Case No. 3:20-CV-00273-CLB<br><br>**ORDER ADDRESSING<br>MISCELLANEOUS MOTIONS**<br><br>[ECF Nos. 84, 95, 97, 98, 99, 103, 105, 106, 107] |

Before the Court are several motions filed by Plaintiff Roy O'Guinn ("O'Guinn"). First, the bulk of the filings are not actual motions but instead are affidavits, notices, and/or improper surreplies to Defendants' motion for summary judgment. (*See* ECF Nos. 95, 97, 98, 99, 103, 105.) O'Guinn does not seek any relief in these motions, but merely continues to provide substantive responses to Defendants' motion for summary judgment. Local Rule 7-2(b) states "Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged." Additionally, this Court has already warned O'Guinn that while he is given leniency based on his *pro se* status, this does not give him a blank check to clutter the docket. (ECF No. 34.) For these reasons, O'Guinn's motions (ECF Nos. 95, 97, 98, 99, 103), are **STRICKEN** as unauthorized surreplies.

Second, O'Guinn filed two motions related to incorporating medical records filed in a different civil case filed by O'Guinn (ECF No. 38 in Case No. 3:18-CV-00469-MMD-CSD) into the instant case. (ECF Nos. 84, 106.) The motions, (ECF Nos. 84, 106), are **GRANTED**. The Court takes judicial notice of these documents as they are part of the public record. *See* Fed. R. Evid. 201. However, the Court is not deciding the relevancy or authenticity of these documents at this time.

Next, O'Guinn filed a "revised motion to tell this Court about monies paid to this Court". (ECF No. 105). This filing is not actually a motion but is a notice informing the Court of the amount of money paid towards the filing fee. The "motion", (ECF No. 105), is **DENIED**.

Finally, O'Guinn filed a motion for copy of docket sheet. (ECF No. 107.) It is not the Court's obligation to provide litigants, even indigent ones, with copy services. Further, the Court has already granted O'Guinn's request for a copy of the docket sheet on <u>three</u> separate occasions. (*See* ECF Nos. 11, 30, 68.) Thus, the motion, (ECF No. 107), is **DENIED**. The Clerk shall provide O'Guinn with a copy order form and O'Guinn may order copies of documents at his own expense.

The Court again warns O'Guinn that his status as an indigent litigant will not dissuade the Court from considering sanctions against him for filing groundless and duplicative motions or other documents. O'Guinn is further reminded that he is obligated to follow General Order No. 2021-05, which sets forth certain requirements and limitations for filings in Pro Se Inmate Non-Habeas Civil Rights cases.

**IT IS SO ORDERED.**

DATED: September 13, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**