**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROY ALAN O'GUINN,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>LISA WALSH, Added on docket per ECF No. 17 Screening Order; MARTIN JAMES NAUGHTON, #12 SAC; M. SULLIVAN; CHARLES DANIELS, #12 SAC; MICHAEL MEDEV, #12 SAC; DEBBIE KEENON, Added per ECF No. 17 Screening Order,<br><br>　　　　Defendants-Appellees. | No. 22-16521<br><br>D.C. No. 3:20-cv-00273-CLB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Carla Baldwin, Magistrate Judge, Presiding**

Submitted February 21, 2024***

Before:　FERNANDEZ, NGUYEN, and OWENS, Circuit Judges.

---

　　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　**　The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

　　***　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nevada state prisoner Roy Alan O'Guinn appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's rulings on cross-motions for summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment for defendants on O'Guinn's claim for deliberate indifference to his serious medical needs because O'Guinn failed to raise a genuine dispute of material fact as to whether he had a serious medical need. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (a serious medical need exists if a "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain" (internal quotation marks omitted)); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) (an assertion that is "blatantly contradicted by the record, so that no reasonable jury could believe it" will not create a genuine dispute of material fact at summary judgment).

The district court properly dismissed O'Guinn's retaliation claim because O'Guinn failed to allege facts sufficient to show that defendant Walsh retaliated against O'Guinn because of his protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a First Amendment retaliation claim in the prison context).

O'Guinn's motion regarding a medical appointment (Docket Entry No. 16) is denied.

**AFFIRMED.**